KATHERINE SIEGFRIED, CASBN 250558
Law Office of Katherine Siegfried, Esq.
1939 Harrison St, Suite 120
Oakland, California 94612
Phone: (510) 465-0016
Fax: (510) 217-3979
kat@siegfriedlegal.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DANIELLE DERDEN,

    Plaintiff,

vs.

Commissioner Of Social Security,

    Defendant.

CASE NO. 24-cv-7987-JST

**STIPULATION AND** ~~**PROPOSED**~~ **ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of SEVEN THOUSAND DOLLARS ($7,000). This amount represents compensation for all legal services rendered on behalf of Plaintiff by Plaintiff's counsel, Katherine R. Siegfried (Plaintiff's Attorney), in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d). Plaintiff was the prevailing party in this matter and their net worth is less than two million dollars. See, ECF Doc. 2. After the Court issues an order for EAJA fees to the Plaintiff, the government will consider the matter of the Plaintiff's assignment of EAJA fees to the Plaintiff's Attorney.

    Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should, therefore, be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned their right to EAJA fees to their attorney; (2) determines that Plaintiff does not owe a debt

that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check or electronic fund transfer (EFT) made out to Plaintiff but delivered to Plaintiff's attorney.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses. It does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, all claims that Plaintiff and/or Plaintiff's Attorney, including the Law Office of Katherine Siegfried, may have concerning EAJA attorney fees and expenses in connection with this action. This award is without prejudice to the rights of the Law Office of Katherine Siegfried to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the savings provisions of the EAJA.

Date: June 18, 2025

KATHERINE SIEGFRIED
Law Office of Katherine Siegfried, Esq.
By: /s/*Katherine Siegfried*
Katherine Siegfried
Attorney for the Plaintiff

Date: June 18, 2025

PATRICK D. ROBBINS
Acting United States Attorney

By:   /s/ *Oscar Gonzalez*
Oscar Gonzalez
Special Assistant United States Attorney
Attorney for Defendant
(As authorized per email)

**<u>ORDER</u>**

PURSUANT TO STIPULATION, EQUAL ACCESS TO JUSTICE (EAJA) ATTORNEY FEES ARE ORDERED IN THE AMOUNT OF SEVEN THOUSAND DOLLARS ($7,000), SUBJECT TO OFFSET UNDER THE TREASURY OFFSET PROGRAM, AND SHALL BE PAID IN THE MANNER OUTLINED IN THE PARTIES' STIPULATION.

Dated: June 26, 2025

Hon. Jon S. Tigar
UNITED STATES DISTRICT COURT JUDGE